Green, J.
delivered the opinion of the court.
The first position assumed for the plaintiff in error is, that the record is defective for this, that it does not set out the venire facias at length.
It is not necessary that the venire facias be spread upon the minutes of the circuit court. It composes no part of the proceeding in that court. . It is enough if the re *141 cord shows the return of the venire facias, and the selection of a grand jury of good and lawful men from among the number summoned and attending. Cornwell vs. the State, Martin and Yerger’s Rep. 147: M’Clure vs. the State, 1 Yerger’s Rep. 206.
The court will presume in favor of the regularity of the proceedings of the circuit courts. If, however, the record does set out the venire facias and show particularly and minutely all that was done in selecting and empannelling the grand jury, and by such record it appears that the statutes have not been pursued, a question wholly different from the present would then be raised. In such case, nothing would be left to presume.
The principal ground relied on by the counsel for the plaintiff in error is, that the judge who tried the cause, in his charge to the jury assumed the right to decide the facts of the case, and excluded from the jury the free exercise of their constitutional powers. In the part of the charge complained of, the judge in substance told the jury, that the principle of law read and relied upon by defendant’s counsel, that if a stranger seeing two fighting and helps one and kills the other, it is manslaughter, could have no application to a case like this. It is insisted that he here assumed the slate of facts presented by the evidence in this cause, and excluded the jury from an investigation of the facts, so as to ascertain whether they brought this case within the principle contended for. The judge may “state the evidence, and charge the law.” This means that he is to charge the law arising upon the evidence so stated by him. He is not to charge every principle of law which may be insisted upon by counsel, whether it have application to the case under consideration or not, how sound soever such principle may be in the abstract. If he were, he would be guilty of gross impropriety. Such a course would tend to the subversion rather than the attainment of justice. It is as impor *142 tant that irrelevant questions of law should be kept out of the view of the jury, as that they should not be permitted to hear irrelevant facts. In either case to encumber their minds with a mass of irrelevant matter, would tend to obscure the true matter of'inquiry, and lead them astray in the investigation of questions not before them. If a principle of law be stated and insisted on by counsel, which manifestly has no application to the case, it is the duty of the court to tell the jury it has no application, lest they be misled by it. It is a great mistake to suppose that a court in charging the jury, is to deal altogether in abstractions. His discussion of legal questions should be confined to such only as are directly raised by the evidence in the cause. From what has been said, it follows, that if the principle stated and insisted on by the defendant’s counsel, has no application to this case, the judge did not err in telling the jury so.
In this case the evidence shows, that two were fighting, and while engaged, the defendant rushed into the room, and without any provocation, inflicted on one of them a dangerous stab. He is no more excusable for this act, committed on one who was fighting with a man not at all connected with him, than he would have been, had he inflicted a like blow on one not engaged in a fight. In such case, the law would imply malice from the fact that he used a deadly weapon without provocation. So the law implies malice .here, for the defendant acted without provocation. The principle contended for by the defendant’s counsel, is only applicable to a case where the conduct of the stranger would be such as only to make a case of manslaughter, if the party slain were engaged in no fight previously; such is not this case, and therefore the judge did right in saying that the principle • had no application here. There are several other points made in this record, but as they are not considered important, and have not been insisted on at the bar, it is *143 unnecessary to discuss them, firmed. Let the judgment be af-
Judgment affirmed.